# In the United States Court of Federal Claims

No. 19-740C
(Filed December 11, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
WILLIAM J.R. EMBREY,                          *
                                              *
                     Plaintiff,               *
                                              *
       v.                                     *
                                              *
THE UNITED STATES,                            *
                                              *
                     Defendant.               *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

Plaintiff William J.R. Embrey, proceeding *pro se*, alleges that the government unlawfully held him in prison for an additional 508 days past the expiration of his sentence. Mister Embrey requests $254,000 in damages, $1 million in punitive damages, and attorney's fees. Alternatively, plaintiff has moved for the transfer of his case to another court. The government moved to dismiss the case for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons stated below, the motion to dismiss the case is **GRANTED** and the motion to transfer the case is **DENIED**.

## I. BACKGROUND

On April 24, 2000, the United States District Court for the Western District of Missouri sentenced plaintiff to 262 months' imprisonment for being a felon in possession of a firearm.[1] Compl. at 3, ECF No. 1. Prior to that, however, plaintiff was held for 508 days in presentence detention. Plaintiff maintains the Federal Bureau of Prisons (BOP) credited those 508 days against his sentence, which,

---

[1] The Court takes judicial notice of prior proceedings involving Mr. Embrey. *See generally United States v. Embrey*, 250 F.3d 1181 (8th Cir. 2001).

combined with good time credit, apparently would have allowed him to reenter society on June 24, 2017. Compl. at 3–4 (citing, *inter alia*, 18 U.S.C. § 3585(b)); Exs. A–C, ECF No. 1-1. When that date came to pass, however, the BOP did not release plaintiff. Compl. at 4. Mister Embrey claims that he notified the BOP and other authorities multiple times about his release date, yet these protestations fell on deaf ears. *Id.* The BOP subsequently released plaintiff on November 13, 2018. *Id.* Consequently, plaintiff maintains that he was illegally imprisoned from June 24, 2017 until November 13, 2018---a prison overstay of 508 days. *Id.*

Mister Embrey thus filed the complaint in this court, seeking $500 per day of his alleged prison overstay, $1 million in punitive damages, attorney's fees, and other relief. Compl. at 8.[2] Plaintiff accuses the government of gross negligence; false imprisonment; violating his Fourth Amendment rights through unlawful seizure; violating his Fifth Amendment rights by denying him due process; and violating his Eighth Amendment right to be free from cruel and unusual punishment. *See id.* at 1–3. Mister Embrey contends that the government's failure to release him from prison on June 24, 2017, violated 18 U.S.C. §§ 3624(a) and 4001(a). *Id.* at 7. Plaintiff maintains that this court has jurisdiction under Article III, Section 2 of the United States Constitution; the Fourth, Fifth, and Eighth Amendments; several United States Supreme Court cases;[3] the Federal Tort Claims Act, 28 U.S.C. § 1346; and 28 U.S.C. §§ 1331, 1651(a), 1491–1509, and 2679(a). *Id.* at 3–4.

The government has moved to dismiss the case for lack of subject-matter jurisdiction under RCFC 12(b)(1), arguing that Mr. Embrey has failed to identify a money-mandating law that was purportedly violated. Def.'s Mot. to Dismiss (Def.'s Mot.), ECF No. 8, at 1, 3–5. Mister Embrey responded to the government's motion, reiterating his contentions that this court has jurisdiction under the previously-asserted sources of law. *See* Pl.'s Pro Se Objs. & Answer to Def.'s Mot. (Pl.'s Resp.), ECF No. 12, at 4–5.[4] In that paper, Mr. Embrey also requests that the Court

---

[2] Our court is not authorized to award punitive damages, *see Hoffland v. United States*, 231 Ct. Cl. 922, 923–24 (1982), nor may *pro se* litigants receive an award of attorney's fees, *see Naekel v. Dep't of Transp.*, 845 F.2d 976, 981 (Fed. Cir. 1988).

[3] Specifically, in the order raised in the complaint, these cases are: *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Butz v. Economou*, 438 U.S. 478 (1978); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803); and *Bell v. Hood*, 327 U.S. 678 (1946).

[4] The one statute that was mentioned in the complaint but omitted from Mr. Embrey's response paper was 28 U.S.C. § 2679(a).

transfer his case to a court of competent jurisdiction if the Court determines it lacks jurisdiction.[5] *Id.* at 8. The government replied, explaining that none of the constitutional provisions relied upon by plaintiff confers jurisdiction on this court to hear Mr. Embrey's claims. Def.'s Reply, ECF No. 13, at 3. At no point in its reply did the government challenge, much less address, Mr. Embrey's motion in the alternative to transfer his case.

Plaintiff subsequently filed a sur-reply by leave of the Court. *See* Pl.'s Pro Se Answer to the Def.'s Reply (Pl.'s Sur-reply), ECF No. 14. Therein, Mr. Embrey repeats his contention that the Court possesses jurisdiction to hear his claims under *Bivens* and Article III, Section 2, while also suggesting that Article VI, Section 1, Clauses 2 and 3 of the U.S. Constitution (the Supremacy and Oaths Clauses, respectively) may also be bases for this court's jurisdiction.[6] *Id.* at 3. He also renews his request in the alternative for a transfer of the case. *Id.* at 3–4.

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction under RCFC 12(b)(1), courts will accept as true all factual allegations made by the non-moving party and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Airport Rd. Assocs., Ltd. v. United States*, 866 F.3d 1346, 1351 (Fed. Cir. 2017) (quoting *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002)) (stating that courts must "view the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate."); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

---

[5] The Court construes Mr. Embrey's filing to contain a motion in the alternative to transfer his case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[6] Although plaintiff does not include these two clauses in the section of the sur-reply discussing jurisdiction, the language of the sur-reply reads as an exhortation that the Court act to provide redress. *See* Sur-reply at 3 ("This Court (Judge) is obligated under Article III[,] Section 2, and Article VI[,] Clauses 2-3 [sic] of the Constitution of the United States . . . and its Oath of Office . . . to protect Plaintiff and his constitutional rights under that Constitution."). Consequently, the Court construes this is an assertion that these clauses provide for our jurisdiction.

A *pro se* litigant's complaint is to be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 98 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013) ("Our previous decisions have made clear that *pro se* filings must be read liberally.") (citations omitted).  With due regard to the leniency a court must afford to plaintiffs proceeding without the assistance of counsel, *see, e.g., Castro v. United States*, 540 U.S. 375, 381–82 (2003); *Estelle*, 429 U.S. at 106; *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they are not relieved of the bedrock requirement of pleading sufficient facts to state a claim within this court's jurisdiction by a preponderance of the evidence. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) ("[F]ailures to comply with the Court's jurisdictional requirements are not excused.").  Thus, it is plaintiff's burden to invoke this court's jurisdiction (in cases not involving an alleged breach of contract by the federal government) by identifying a money-mandating source of law which was allegedly violated by the United States. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983).

## B. Analysis

Like many individuals who proceed in our court without the assistance of counsel, Mr. Embrey appears to misunderstand the purpose of the Court of Federal Claims and the jurisdiction given to it by Congress.  Our court is primarily empowered, under the Tucker Act, to hear cases brought against the United States government by parties alleging the breach of a contract or the violation of laws requiring the federal government to pay money damages. *See* 28 U.S.C. § 1491(a); *Mitchell*, 463 U.S. at 216–17; *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").  As we shall see, although Mr. Embrey cites the Tucker Act, Compl. at 2, he fails to allege that the federal government violated a money-mandating provision of law.

As defendant notes in its motion to dismiss the case, this court is empowered to hear prison-related claims for money damages in the limited context of an overturned, unjust conviction. *See* Def.'s Mot. at 4 (citing *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002)).  Mister Embrey does not allege that he suffered an unjust conviction; instead, he appears to bring the two tort claims of gross negligence and false imprisonment, for which he cites several portions of Title 28 of the U.S. Code in support of our jurisdiction. *See* Compl. at 2.  But claims sounding in tort are expressly excluded from the jurisdiction granted to our court by Congress. *See* 28 U.S.C. § 1491(a) (restricting our court's jurisdiction to "cases not sounding in tort"); *see also Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir.

2015) ("Congress has provided that the United States District Courts have 'exclusive jurisdiction' to determine the liability of the United States under the Federal Tort Claims Act."); *Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992) ("[T]he Claims Court has jurisdiction over all . . . claims [against the United States based on the Constitution, federal statutes, federal regulations, and contracts with the United States], while the district courts have . . . exclusive jurisdiction over tort claims for any amount if they fall within the Federal Tort Claims Act."). The Court therefore cannot hear these two claims.

To the extent Mr. Embrey brings constitutional claims, those, too, must fail. The Court lacks jurisdiction to hear his Fourth Amendment claim. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."); *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (per curiam) (holding that the Fourth Amendment does not "obligate the United States to pay money damages"). Mister Embrey's claim that the government violated his Fifth Amendment due process rights also fall outside the ambit of our jurisdiction. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fifth Amendment Due Process Clause is not "a sufficient basis for jurisdiction" because it does not "mandate payment of money by the government.").[7] Similarly, the Eighth Amendment is not money-mandating, and thus Mr. Embrey's claim under that provision falls outside of this court's jurisdiction. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a 'money-mandating provision.'") (citation omitted).

Next, the Court lacks jurisdiction over Mr. Embrey's *Bivens* claims as well.[8] The *Bivens* remedy fashioned by the Supreme Court created a constitutional right of action against federal government officials in their individual capacities for violations of a plaintiff's constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). Importantly, this individual-centered remedy contravenes the grant of jurisdiction found in the Tucker Act. *See Brown*, 105 F.3d at 624 ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States,

---

[7] The Due Process Clause can only be the basis for our jurisdiction when a plaintiff alleges an illegal exaction of money, *see Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996), which is not the case here.

[8] The Court assumes, without deciding, that plaintiff is attempting to plead more than one *Bivens* claim, since he has asserted multiple violations of his constitutional rights. In any event, Mr. Embrey did not include individual federal government actors as defendants in this case.

*not against individual federal officers.*") (citing 28 U.S.C. § 1491(a)) (emphasis added); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]t has been uniformly held . . . that [the Court of Federal Claims'] jurisdiction is confined to money judgments in suits brought for that relief *against the United States.*") (citing *United States v. Alire*, 73 U.S. (6 Wall.) 573 (1862)) (emphasis added); *Gallo-Rodriguez v. United States*, 513 F. App'x 971, 973 (Fed. Cir. 2013) (quoting *Brown*). Therefore, the Court cannot entertain Mr. Embrey's *Bivens* claims.

Mister Embrey also cites three portions of the main body of the Constitution in support of our jurisdiction, but none can advance his case. He makes bare assertions, without any explanation, that Article III, Section 2 of the Constitution provides this court with jurisdiction to hear his case. *See* Pl.'s Sur-reply at 2–3; Pl.'s Resp. at 4; Compl. at 3. Presumably, plaintiff is invoking the first clause of that section, concerning the extent of federal judicial power, and not the clauses regarding Supreme Court jurisdiction or criminal trials by jury. The problem with this argument is that our court was established by Congress under Article I of the Constitution and is thus not one of the inferior courts exercising jurisdiction under Article III. *See* 28 U.S.C. § 171(a) (declaring this court "to be a court established under article I of the Constitution of the United States"); *Sharpe v. United States*, 112 Fed. Cl. 468, 475 (2013) (citing *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994)); *see also Freytag v. Comm'r*, 501 U.S. 868, 888–90 (1991) (discussing Article I judicial power). Although the case or controversy requirements of Article III apply to our cases that are subject to review by the Federal Circuit, which is itself an Article III court, *see Technical Innovation, Inc. v. United States*, 93 Fed. Cl. 276, 278 (2010), Article III is not, strictly speaking, the source of our jurisdiction. Congress, acting under Article I, instead is the source of our jurisdiction, even though it assigned us a portion of the judicial power recognized by Article III. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1305 (Fed. Cir. 2008). In any event, in creating our jurisdiction, Congress limited the range of cases we can hear to those involving money-mandating sources of law. *Id.* at 1306; 28 U.S.C. § 1491(a). Article III, Section 2 does not contain any substantive right to money damages paid by the federal government.

Additionally, plaintiff has designated the Supremacy and Oaths Clauses of the Constitution as purported jurisdictional grants. Neither serves this function, however. The Supremacy Clause states the truism that the Constitution and federal laws constitute "the supreme Law of the Land," and that "Judges in every State" are bound to obey federal law. *See* U.S. CONST. art. VI, cl. 2. The plain text of the clause does not mandate the payment of compensation. *See Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014); *see also United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc) (denying claims based on constitutional provisions that "neither explicitly nor implicitly obligate the federal government to pay damages."). The Supremacy Clause cannot therefore provide the Court with

jurisdiction. *See, e.g., Norington v. United States*, No. 16-1020C, 2016 WL 6879549, at *1 (Fed. Cl. Nov. 22, 2016). The same analysis applies to the Oaths Clause, which demands that several enumerated government officials swear an oath to uphold the Constitution; it, too, does not obligate the federal government to pay money damages. *See* U.S. CONST. art. VI, cl. 3; *Taylor v. United States*, 139 Fed. Cl. 4, 8 (2018) ("An oath of office, however, is not a contract, and in any event, claims arising from the alleged failure to abide by that oath sound in tort."), *aff'd*, 747 F. App'x 863 (Fed. Cir. 2019); *Nie v. United States*, 124 Fed. Cl. 334, 343–44 (2015) (dismissing Oaths Clause claim); *cf. Connolly*, 716 F.2d at 887 (explaining that the "literal terms" of a constitutional provision must require money damages to come under our jurisdiction). Therefore, the Oaths Clause cannot support our jurisdiction. *See, e.g., Haddad v. United States*, No. 15-1075C, 2016 WL 5660266, at *4 (Fed. Cl. Sept. 30, 2016). In sum, the Court has not been empowered by Congress to consider any constitutional issue in the complaint, as no constitutional provision Mr. Embrey has identified can support our court's jurisdiction.

Finally, the various statutes plaintiff cites do not establish our jurisdiction. Section 1331 of title 28 confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" upon the federal district courts. *See* 28 U.S.C. § 1331. It does not apply to our court, however, and so does not provide the necessary jurisdiction to proceed. *See Ali v. United States*, No. 19-586C, 2019 WL 3412313, at *4 (Fed. Cl. July 29, 2019); *see also Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (explaining that the Court of Federal Claims is not a "district court"). Plaintiff also cites section 1346(b) of title 28, the Federal Tort Claims Act (FTCA), which states:

> [T]he district courts . . . shall have *exclusive jurisdiction* of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. 1346(b)(1) (emphasis added). This statute similarly cannot serve as a basis for our court's jurisdiction for two reasons: our court cannot entertain actions "sounding in tort," nor is our court a district court. 28 U.S.C. § 1491(a)(1); *Ledford*, 297 F.3d at 1382; *Khalil v. United States*, 133 Fed. Cl. 390, 392 (2017).[9]

---

[9] Although Mr. Embrey does not discuss it in his response or sur-reply, another provision from the FTCA, 28 U.S.C. § 2679(a), is identified in the complaint as a source of our jurisdiction. Compl. at 2. But as discussed above, our court does not

Mister Embrey also invokes the All Writs Act, 28 U.S.C. § 1651, to establish our jurisdiction. Although this Act applies to all courts---not simply district courts---it does not apply unless the court at issue already possesses jurisdiction over a matter. *See* 28 U.S.C. § 1651(a) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law.") (emphasis added); *see also Bishay v. United States*, No. 19-347C, 2019 WL 1149953, at *1 n.1 (Fed. Cl. Mar. 12, 2019); *Sanders v. United States*, No. 18-979C, 2018 WL 6190375, at *3 n.6 (Fed. Cl. Nov. 28, 2018). Because our court does not otherwise have jurisdiction over this case, 28 U.S.C. § 1651 is irrelevant.

Plaintiff indiscriminately (and conveniently) cites sections 1491 through 1509 of Title 28 in attempting to establish our jurisdiction over his case. Compl. at 2; Pl.'s Resp. at 4. These are the statutes granting *and withdrawing* our court's jurisdiction over various matters, almost none of which can be implicated by the allegations of Mr. Embrey. Plainly, sections 1500–02 and 1509 concern matters that are *not* within our jurisdiction and cannot therefore be the basis for entertaining plaintiff's claims. And it is clear that nearly all of the rest have nothing to do with this case---namely, sections 1492 (congressional reference), 1494 (unsettled accounts), 1496 (disbursing officers), 1497 (oyster growers), 1498 (patent and copyright), 1499 (liquidated contractors' damages), 1503 (set-offs payable to the government), 1505 (tribal claims), and 1507–08 (tax cases). *See also Sanders*, 2018 WL 6190375, at *3 ("Listing federal statutes is not enough to confer jurisdiction on this court.").

As discussed above, the Tucker Act, 28 U.S.C. § 1491(a), is the primary waiver of sovereign immunity enabling matters to be brought within the jurisdiction of our court, but "to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages," *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000), which Mr. Embrey has failed to do. *See, e.g., United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2007) (explaining the need for a separate, substantive right to money damages in order to invoke Tucker Act jurisdiction). Plaintiff alleges that the government's failure to release him from prison on June 24, 2017, violated 18 U.S.C. § 4001(a), which states "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress"; and 18 U.S.C. § 3624(a), which requires that "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited . . ." Compl. at 7; Pl.'s

---

have jurisdiction over claims sounding in tort. Therefore, "this court does not have jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 2679." *Utley v. United States*, 144 Fed. Cl. 573, 578 (2019).

Resp. at 1, 5. But subsection 4001(a) does not mandate the payment of money when violated. *See* 18 U.S.C. § 4001(a); *Sharpe v. United States*, 112 Fed. Cl. 468, 476 (2013) (holding 18 U.S.C. § 4001(a) "is not money mandating"). Nor does subsection 3624(a), which contains no language even suggesting an entitlement to money damages. *See* 18 U.S.C. § 3624(a).[10]

Besides the Tucker Act, the only other jurisdictional grant that remotely relates to plaintiff's case is 28 U.S.C. § 1495, which provides for damages for unjust conviction and imprisonment. But as the government notes in its motion, our court must strictly construe that statute. *See* Def.'s Mot. at 4 (citing *Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972) and *Brown v. United States*, 42 Fed. Cl. 139, 141–42 (1998)). The statute cannot apply to Mr. Embrey's case, as it requires the allegation that a claimant was "unjustly convicted of an offense against the United States," 28 U.S.C. § 1495, which plaintiff has not pleaded, *see* Compl. at 3. Moreover, a claim under this statute can only be based on a conviction that was overturned by a court order or pardon issued because of the claimant's actual innocence, 28 U.S.C. § 2513(a)(1), which is obviously not this case.[11]

For the reasons discussed above, the Court concludes that it lacks subject-matter jurisdiction over the claims asserted by Mr. Embrey.

## C. Plaintiff's Motion to Transfer the Case

When a plaintiff has failed to state a claim that falls within the subject-matter jurisdiction of this court, dismissal is the normal course. *See* RCFC 12(b)(1), (h)(3); *Martinez v. United States*, 281 F.3d 1376, 1380 (Fed. Cir. 2002). Nevertheless, Mr. Embrey's filings and federal law counsel the Court to consider transferring this case. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court *shall*, if it is in the interest of justice, transfer such action . . . to any other such court . . . in

---

[10] The Federal Circuit, in a non-binding decision, treated a different subsection of this statute, regarding the furnishing of prisoners with an amount of money upon release, as money-mandating. *Dorrough v. United States*, 13 F. App'x 954, 955 (Fed. Cir. 2001) (per curiam). *But see Carroll v. United States*, 100 Ct. Cl. 436, 439–40 (1944) (finding no entitlement to payments under an earlier version of the statute). Plaintiff does not allege a violation of that particular provision, 18 U.S.C. § 3624(d)(2).

[11] Although not itself a money-mandating basis for jurisdiction, the statute cited by Mr. Embrey requiring credit for prior custody, 18 U.S.C. § 3585(b), *see* Compl. at 3, 7, can reduce the amount of damages due under the unjust conviction statute. *See Crooker v. United States*, 828 F.3d 1357, 1362 (Fed. Cir. 2016).

which [it] . . . could have been brought . . . .") (emphasis added); *see also Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once it determines it lacks jurisdiction). This court may transfer a case to a district court if a plaintiff can demonstrate three elements: "(1) the transferor court lacks jurisdiction; (2) at the time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interest of justice." *Fields v. United States*, 141 Fed. Cl. 628, 632 (2019) (citing *Sanders v. United States*, 34 Fed. Cl. 75, 81–82 (1995)).

A transfer is not in the interest of justice when it is "far from clear that the federal district court would be able to entertain the plaintiffs' claims as a result of the plaintiffs' failure to first exhaust mandatory administrative remedies." *Ace Prop. & Cas. Ins. Co. v. United States*, 60 Fed. Cl. 175, 187 (2004). Moreover, "a court should not transfer a case if the transfer would be futile." *Fletcher v. United States*, No. 10-203C, 2010 WL 2640337, at *2 (Fed. Cl. June 30, 2010) (citing *Husband v. United States*, 90 Fed. Cl. 29, 35 (2009)). Thus, "[i]f [a] limited review reveals that the case is a sure loser in the potential transferee court, then the transferor court should dismiss the case." *Joslyn v. United States*, 420 F. App'x 974, 979 (Fed. Cir. 2011) (citing *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999)).

## 1. The FTCA Claims

Regarding plaintiff's FTCA claims, the first transfer element is satisfied, because the Court lacks jurisdiction over tort claims. As for the second element, however, the FTCA claims could not have been filed in any federal district court at the time Mr. Embrey filed the complaint. Under the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

28 U.S.C. § 2675(a) (emphasis added).

In a case that was initially brought by a prisoner *pro se,* the Supreme Court has held that the presentment requirement of "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). As the Federal

Circuit has explained, in an unpublished decision, this clause "requires the claimant to notify the agency of the claim and request money damages" prior to filing a complaint, otherwise transfer of an FTCA claim to a district court is not warranted. *Mone v. United States*, 766 F. App'x 979, 985 (Fed. Cir. 2019); *see also Montano Elec. Contractor v. United States*, 114 Fed. Cl. 675, 681–82 (2014) ("[Plaintiff] has not filed an administrative claim as required, and as a result, no district court could exercise jurisdiction over his tort claims.").[12]

Based on the allegations in the complaint and accompanying exhibits, it appears that Mr. Embrey never submitted an administrative demand to the Bureau of Prisons for money damages to compensate him for the allegedly-unlawful length of his prison confinement.[13] Without allegations, much less support, of presentment of his money damages claim, Mr. Embrey has not demonstrated that he exhausted his administrative remedies with the BOP, and thus no court would have subject-matter jurisdiction over his FTCA claims. *See Mone*, 766 F. App'x at 985. Accordingly, the Court denies plaintiff's request that this claim be transferred to a federal district court. *See Jan's Helicopter Serv.*, 525 F.3d at 1303–04 ("A case may be transferred under section 1631 only to a court that has subject matter jurisdiction."); *cf. Langan v. United States*, 143 Fed. Cl. 416, 424 (2019) (declining to transfer claim on jurisdictional grounds, under a law with a similar exhaustion requirement).[14]

---

[12] Because the exhaustion requirement has been held to be a jurisdictional prerequisite by the Supreme Court, this approach is taken by all federal courts, including the regional courts of appeal for both district courts in which Mr. Embrey might have filed his complaint. *See Schaffer by Schaffer v. A.O. Smith Corp.*, 36 F.3d 1097 (6th Cir. 1994) (Table) (per curiam); *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (en banc).

[13] Mister Embrey does allege that he "properly notified [t]he United States, by and through its Director of Bureau of Prisons," "other United States employees," and the "United States Attorney General," of their alleged duty to release him from prison after June 24, 2017 passed. Compl. at 4. Even accepting this allegation as true for the purposes of the motion to dismiss, the Court determines this is insufficient to establish presentment to the BOP of Mr. Embrey's *damages* claim. At no point in his papers has plaintiff alleged that he served the agency a demand for money damages. *See* 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification of an incident, *accompanied by a claim for money damages in a sum certain . . . .*") (emphasis added).

[14] The Court also notes that Congress has specifically excluded from the FTCA claims "arising out of . . . false imprisonment," other than those against

-11-

### 2. *The* Bivens *Claims*

The Court also considers whether transfer of Mr. Embrey's *Bivens* claims is warranted. As stated above, the Court lacks subject-matter jurisdiction over *Bivens* claims, thereby satisfying the first transfer factor. But just as a transferee court would not possess jurisdiction over the FTCA claims, neither would it have jurisdiction over the *Bivens* claims. Plaintiff seems to misunderstand the nature of the *Bivens* remedy. In *Bivens*, the Supreme Court implied a cause of action for damages against individual federal narcotics agents because no other remedy was available to the plaintiff. *Bivens*, 403 U.S. at 397. Of note, Mr. Bivens could not have sued the United States or its agencies, which retained sovereign immunity from suit. *Id.* at 410 (Harlan, J., concurring). In the absence of a congressional waiver of sovereign immunity, then, the Supreme Court fashioned a right of action against federal officials in their individual capacities for money damages to vindicate their constitutional rights. *Id.* ("For people in Bivens' shoes, it is damages or nothing.").

As the foregoing shows, under *Bivens*, plaintiff has sued the wrong party. By coming to our court, Mr. Embrey has chosen to sue the United States, rather than individual BOP officials who were responsible for his alleged 508-day prison overstay.[15] But the United States, as the sovereign, remains immune from suit unless it waives its sovereign immunity. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). *Bivens* does not alter that calculus. Indeed, in naming the United States as the sole defendant, Mr. Embrey's *Bivens* claim suffers from a fatal jurisdictional defect, such that no transferee court would possess jurisdiction over that claim. *See Wolf v. United States*, 127 F. App'x 499, 501 (Fed. Cir. 2005) (affirming dismissal of *Bivens* claims because "*Bivens* actions . . . cannot be maintained against the United States.") (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994)); *Bd. Mach., Inc. v. United States*, 49 Fed. Cl. 325, 333 n.10 (2001); *Stebbins v. United States*, 554 F. App'x 14, 14 (D.C. Cir. 2014) (per curiam) ("To the extent appellant attempted to raise his claims pursuant to *Bivens* . . . these claims fail because the United States is not a proper *Bivens* defendant."); *Burford v. Runyon*, 160 F.3d 1199, 1203 (8th

---

"investigative or law enforcement officers." 28 U.S.C. § 2680(h). Thus, even had Mr. Embrey exhausted his administrative remedies, transfer would likely be futile.

[15] Mister Embrey did, however, make sporadic general references to Bureau of Prisons employees. *See* Compl. at 4 ("[Plaintiff], on several occasions, properly notified [t]he United States, by and through its Director of Bureau of Prisons, and other United States employees . . . ."); Pl.'s Resp. at 5 ("Defendant through its prison officers do [sic] not possess legal authority to extend the sentencing court's sentence of imprisonment . . . .") (emphasis removed).

Cir. 1998) ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity."); *Wilson v. United States*, 35 F.3d 567 (6th Cir. 1994) (Table) (affirming dismissal of *Bivens* claim on jurisdictional grounds because plaintiff "named the United States as the only defendant and a *Bivens* action does not lie against the United States."). Because no court would have jurisdiction over Mr. Embrey's *Bivens* claims asserted against the United States, his request that these be transferred to another court is denied.

### III. CONCLUSION

In sum, the Court lacks subject-matter jurisdiction over all claims presented in the complaint, and transfer of those claims to a federal district court is not warranted under the circumstances. Accordingly, defendant's motion to dismiss the case is **GRANTED** and Mr. Embrey's motion in the alternative to transfer the case is **DENIED**.[16] The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge

---

[16] Mister Embrey's application to proceed *in forma pauperis* is **GRANTED**, and he is thus relieved from having to pay the filing fee.